**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Melvin C. Graham

     v.                                      Case No. 23-cv-205-LM-AJ

State of New Hampshire

## REPORT AND RECOMMENDATION

Before the court is Melvin C. Graham's complaint (Doc. No. 1), and the factual allegations in Mr. Graham's motion to appoint counsel (Doc. No. 3), which this court construes as an addendum to the complaint.[1]  The matter is before the court for preliminary review under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and LR 4.3(d)(1).

## Preliminary Review Standard

The magistrate judge in this court conducts a preliminary review of prisoner complaints filed in forma pauperis.  See LR 4.3(d)(1).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The magistrate judge may recommend to the district judge that claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or

---

[1]The Order issued this date has denied, without prejudice, Mr. Graham's motion to appoint counsel (Doc. No. 3).

the complaint fails to state a claim upon which relief may be

granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR

4.3(d)(1)(A).  In conducting its preliminary review, the court

construes pro se complaints liberally.  See Erickson v. Pardus,

551 U.S. 89, 94 (2007) (per curiam).


## Background

Since his conviction in 1996 on multiple counts of

felonious and aggravated felonious sexual assault, Mr. Graham

has filed a number of state and federal cases challenging that

conviction.  Mr. Graham's prosecution and pre-2012 state post-

conviction proceedings have been summarized as follows:

> Graham was convicted in 1996 on three counts of
> aggravated felonious sexual assault and one count of
> felonious sexual assault on his niece, who was eight years
> old at the time of the assaults.  On appeal, the New
> Hampshire Supreme Court ["NHSC"] rejected Graham's claims
> that the evidence was insufficient to convict and that the
> trial court improperly excluded a defense witness's
> testimony, but remanded the case for the trial court to
> determine whether Graham's motion for in camera review of
> privileged records should have been granted, and if so,
> whether the records contained evidence that would require a
> new trial.  [See State v. Graham, 142 N.H. 357, 362-63, 702
> A.2d 322, 325-26 (1997) ("Graham I").]  The trial court
> concluded that the privileged records did not require a new
> trial, and the [NHSC] affirmed that decision on October 23,
> 1998.

> Graham moved for a new trial based on claims of
> ineffective assistance of trial counsel, which was denied.
> He then filed multiple petitions for a writ of habeas
> corpus in state court, which were denied.  His appeals to
> the [NHSC] were unsuccessful.

Graham v. Warden, No. 12-cv-271-JD, 2012 WL 6115700, at *2, 2012

U.S. Dist. LEXIS 174486, at *1-*2 (D.N.H. Dec. 10, 2012).  Mr.

Graham asserts in this case that he filed another state habeas

petition in Superior Court in 2020; that the Superior Court

denied or dismissed that petition; and that the NHSC declined to

review his discretionary appeal in that matter.  See Compl.

(Doc. No. 1).

Mr. Graham has filed three petitions for a writ of habeas

corpus in federal court under 28 U.S.C. § 2254.  See Graham v.

N.H. State Prison Warden, No. 12-cv-271-JD (D.N.H.); Graham v.

N.N.H. Corr. Fac. Warden, No. 04-cv-126-JD (D.N.H.); Graham v.

Coplan, No. 01-cv-00010-SM (D.N.H.).  All three were dismissed

because of his failure to exhaust state remedies and/or based on

the statute of limitations.  See Graham v. New Hampshire, No.

17-cv-154-PB, 2017 WL 5176325, at *1-2, 2017 U.S. Dist. LEXIS

184365, at *2-3 (D.N.H. Sept. 12, 2017) ("September 12, 2017

R&R") (discussing outcome of three § 2254 petitions), R&R

approved, 2018 WL 6834592, 2018 U.S. Dist. LEXIS 217180 (D.N.H.

Dec. 28, 2018) ("2017 civil rights case").

In 2008 and again in 2017, Mr. Graham filed federal civil

rights actions raising claims that are similar to those here,

making this Mr. Graham's third federal civil rights case

asserting claims challenging the validity of his state

conviction.  Those federal cases were dismissed for reasons

3

including failure to state a claim, immunity doctrines, the

Rooker-Feldman doctrine, and the absence of subject matter

jurisdiction.  See Graham v. NHSC, No. 08-cv-315-PB, 2009 WL

485141, 2009 U.S. Dist. LEXIS 138025 (D.N.H. Jan. 30, 2009), R&R

approved, 2009 U.S. Dist. LEXIS 14908, 2009 WL 485141 (D.N.H.

Feb. 24, 2009); see also 2017 civil rights case.

In the Complaint in this case, Mr. Graham names the State

of New Hampshire as the sole defendant.  He asserts essentially

the same claims challenging his conviction that he asserted in

the 2017 civil rights case, which are summarized in the

September 12, 2017 R&R and need not be repeated here.  In

addition, in this case, Mr. Graham raises a Fourteenth Amendment

challenge to the state law that allows for a sexual assault

prosecution to be based on the uncorroborated testimony of the

victim, see N.H. Rev. Stat. Ann. 632-A:6(I); and a Fourteenth

Amendment challenge to the NHSC procedural rule that allowed the

NHSC to decline to review his appeals in his post-conviction

proceedings, see NHSC R. 3 (definition of "mandatory appeal").

Finally, he challenges the validity of the requirement that

convicted sex offenders must complete the New Hampshire

Department of Corrections ("DOC") Sex Offender Program ("SOP")

before they are eligible for parole, noting that to participate

in the SOP, he would have to admit his guilt, which he won't do.

He argues that the SOP completion requirement violates his

Fourteenth Amendment rights, as it treats him differently in terms of parole eligibility than prisoners who admit guilt.

Mr. Graham seeks damages and injunctive relief. Specifically, he asks this court to vacate and remand Graham I to the NHSC, which would "take the case back to March of 1996, . . . when the Appeal Process started," allowing that court to appoint new counsel to represent him in relitigating his direct appeal. Mr. Graham cites 42 U.S.C. §§ 1983 and 1985, as well as the wire fraud statute, 18 U.S.C. § 1343, as the bases for his claims here.

## Discussion

### I.   Eleventh Amendment

Mr. Graham names the State as the sole defendant. "A state's immunity [from suit in federal court] under the Eleventh Amendment applies whether a private plaintiff's suit is for monetary damages or some other type of relief." New Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004). The entire case should be dismissed on the ground that the State is the sole defendant, and the State may not be sued here because of the Eleventh Amendment.

### II.  Claims Challenging Mr. Graham's Conviction and Sentence

The Heck rule, derived from Heck v. Humphrey, 512 U.S. 477

5

(1994), and its progeny, provides an additional ground for
dismissing Mr. Graham's claims that challenge the validity of
his convictions or sentence.  The Heck rule requires courts to
dismiss § 1983 claims for damages, injunctive relief, or
declaratory relief, if a favorable judgment on those claims
would necessarily imply the invalidity of the plaintiff's state
conviction or sentence.  See Wilkinson v. Dotson, 544 U.S. 74,
81-82 (2005) ("a state prisoner's § 1983 action is barred
(absent prior invalidation)-- no matter the relief sought
(damages or equitable relief), no matter the target of the
prisoner's suit (state conduct leading to conviction or internal
prison proceedings)-- if success in that action would
necessarily demonstrate the invalidity of confinement or its
duration").  If successful, Mr. Graham's claims of a conspiracy
among the participants in his state proceeding affecting his
fundamental rights, his Sixth Amendment ineffective assistance
of counsel claims, his claims of due process errors and abuses
in his prosecution and appeal, his challenge to the validity of
RSA § 636-A:6(I), his claims of prosecutorial misconduct and
allegations of unlawfully withheld evidence, and his free-
standing claim of actual innocence, would necessarily impugn the
validity of his conviction or sentence.  Since no court or other
official process has previously invalidated his conviction or
sentence, the Heck rule bars all of those § 1983 claims.

6

Accordingly, the district judge should dismiss those claims on the basis of Heck.


### III.  42 U.S.C. § 1985

Plaintiff cites 42 U.S.C. § 1985 as providing an additional federal cause of action for his claims.  To proceed on any § 1985 claims, however, the plaintiff must allege facts showing a racial or class-based discriminatory animus.  See Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008); Bragg v. Madison, 20 F. App'x 278, 285 (6th Cir. 2001); see also Kush v. Rutledge, 460 U.S. 719, 726 (1983); Diva's Inc. v. City of Bangor, 411 F.3d 30, 38 (1st Cir. 2005).  Mr. Graham has not alleged any facts in that regard, and thus, his § 1985 claims should be dismissed.


### IV.  Federal Wire Fraud Claims

Mr. Graham cites the federal law that establishes the penalties for wire fraud, 18 U.S.C. § 1343, in seeking relief on his claims and in arguing that this court has jurisdiction to grant the equitable relief he seeks.  Mr. Graham does not have standing, however, to obtain a decision as to whether any state agent or participant in his criminal case has perpetrated a federal crime:

> [A] private citizen, such as [the plaintiff], lacks a
> judicially cognizable interest in the federal prosecution
> or non-prosecution of another. . . .
>
> Further, section 547 of title 28 states, in relevant part,
> that "[e]xcept as otherwise provided by law, each United
> States attorney, within his district, shall - (1) prosecute
> for all offenses against the United States." . . . Thus,
> [the plaintiff] does not have standing to bring a criminal
> action in federal court because no statute authorizes him
> to do so.

Akande v. Doe, No. 12-10742-RWZ, 2012 U.S. Dist. LEXIS 65460, at

*3-6, 2012 WL 1658981 (D. Mass. May 10, 2012) (citation

omitted).  And the federal wire fraud statute does not provide

for a private right of action.  See Berry v. LoanCity, 489 F.

Supp. 3d 441, 452 (M.D. La. 2020), aff'd, Nos. 20-30670, 21-

30060, 2022 U.S. App. LEXIS 6251, 2022 WL 728969 (5th Cir. Mar.

10, 2022).  Accordingly, the district judge should dismiss Mr.

Graham's claims seeking relief on the basis of alleged

violations of 18 U.S.C. § 1343.


**V.   NHSC Procedural Rules Defining "Mandatory Appeals"**

NHSC rules specify that certain types of appeals are non-

discretionary, which those rules identify as "mandatory

appeals."  NHSC Rule 7(1) allows the NHSC to exercise its

discretion in deciding whether or not to review of the merits of

appeals in cases that are not "mandatory appeals," and NHSC Rule

3 specifically excludes from that definition appeals from final

decisions in "a post-conviction review proceeding (including

petitions for writ of habeas corpus and motions for new trial)"
as well as appeals from "collateral challenge[s] to any
conviction or sentence."  NHSC R. 3(1)-(2).  In other words, the
NHSC can exercise its discretion to decline to review the merits
of the trial court's final decision in state post-conviction
proceedings, and, Mr. Graham alleges, the NHSC has declined to
review any of his post-conviction appeals.

Mr. Graham asserts that as applied to him, the pertinent
NHSC rules regarding discretionary and mandatory appeals have
violated his Fourteenth Amendment rights to due process and
equal protection.

Mr. Graham's Fourteenth Amendment due process challenge to
those NHSC rules is premised on his claim that he has a due
process right to state appellate review of his claims
challenging the validity of his conviction and sentence.  That
argument is unavailing.

> Although there is undisputedly a well-established
> fundamental right of access to the courts, it is equally
> well-established that the Fourteenth Amendment does not
> require states to afford litigants a right to appellate
> review.

D'Angelo v. N.H. Supreme Court, 740 F.3d 802, 805-06 (1st Cir.
2014) (citations omitted) (finding NHSC Rule 3 to be valid as
applied to domestic relations litigant whose appeals were
declined by the NHSC, pursuant to rule specifying that appeals
of decisions in domestic relations cases are not "mandatory

appeals").  Lacking a fundamental right to appellate review in the state's highest court, Mr. Graham is unable to demonstrate that the NHSC's declination of review in any of his post-conviction proceedings violated his Fourteenth Amendment right to due process.

Mr. Graham's Fourteenth Amendment equal protection challenge to the same NHSC rules, as applied to him, similarly fails.  "Rule 3 does not create classes of litigants, but only distinguishes among classes of cases arising out of different types of civil proceedings."  Id.  Put differently, similarly-situated petitioners in state post-conviction proceedings seeking appellate review in New Hampshire are all placed in the same position by Rule 3; namely, their appeals are not mandatory appeals.  Id. at 806.  Moreover, Rule 3's effect of restricting the right of appellate review in post-conviction proceedings is rationally related to the legitimate state interest of promoting "the proper, speedy, and efficient operation of the state's highest court," by allowing the NHSC to control its docket by distinguishing among classes of cases.  Id. at 806-07.  Mr. Graham has not alleged any facts suggesting that the court exercised its discretion with respect to his claims in a manner that could give rise to an actionable class-of-one equal protection claim.  Accordingly, the district judge should dismiss Mr. Graham's Fourteenth Amendment challenge to the NHSC

10

rules, Rules 3 and 7(1), pursuant to which that court declined

to review the merits of Mr. Graham's post-conviction appeals.


**VI.   <u>SOP Completion & Parole Eligibility</u>**

Mr. Graham challenges the requirement that convicted sex

offenders must complete the SOP before they are eligible for

parole, noting that to participate in the SOP, he would have to

admit his guilt, which he won't do.  He argues that the SOP

completion requirement violates his Fourteenth Amendment equal

protection rights, as it treats him differently in terms of

parole eligibility than prisoners who admit guilt.

Essentially the same claim has been litigated in the

District of New Hampshire, and the petitioner in that case

asserting substantially similar arguments did not prevail:

> Because . . . there is no right to release on parole, no
> fundamental right is implicated when parole is
> denied. . . . Accordingly, to trigger the protections of
> the Equal Protection Clause, an inmate must demonstrate
> that the differential treatment he received in being denied
> parole lacked any rational relationship to a valid
> penological objective. . . . The APB [N.H. Adult Parole
> Board] regulations state that the APB "shall deny" parole
> to an inmate where the Board finds that "[c]ontinued
> treatment, mental or psychological care, or vocational or
> other training within the institution would substantially
> improve the inmate's capacity to lead a law-abiding life
> upon release at a future date."  N.H. Code Admin. R. Par-
> 302.01(b). . . . [R]equiring an inmate who has been
> convicted of a sex offense to complete the SOP before being
> released from incarceration is a rational basis for denying
> . . . parole.

<u>Dupont v. N.H. Adult Parole Bd.</u>, No. 11-cv-156-SM, 2011 U.S.

Dist. LEXIS 150902, at *11-12, 2011 WL 6934778, at *4 (D.N.H.

Dec. 19, 2011) (citations omitted), R&R approved, 2012 U.S.

Dist. LEXIS 15085, 2012 WL 405505 (D.N.H. Feb. 8, 2012).

Informed by such apt, thoughtful precedent, the district judge

should similarly dismiss the Fourteenth Amendment SOP claim

asserted here.

## Conclusion

For the foregoing reasons, the district judge should

dismiss all claims in this action, pursuant to 28 U.S.C. § 1915A

and 28 U.S.C. § 1915(e)(2).  Any objections to this Report and

Recommendation must be filed within fourteen days of receipt of

this notice.  The objection period may be extended upon motion.

Failure to file any objection within the specified time waives

the right to appeal the district court's Order.  See Santos-

Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Only those issues raised in the written objections "'are subject

to review in the district court,'" and any issues "'not

preserved by such objection are precluded on appeal.'"  Id.

(citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

December 28, 2023

cc:  Melvin C. Graham, pro se

12